However, Munoz and Cummings        three years. The winner is Judge Joel Michael Carlin. I would like to reserve three minutes for rebuttal. Thank you. May it please the court, my name is Michael Carlin and I represent the petitioner, Juan Esquivel-Quintana. My client was convicted under a California statute, the elements of which are for conduct that is perfectly legal in forty-four out of fifty-one jurisdictions in the United States. Yet, the Board of Immigration Appeals found him to be an aggravated felon, stripped him of his permanent residence status which he had had for... For your first statement to be correct, we have to go into the individual facts of this case, is that correct? That is rather than a I guess what I stated, Your Honor, was that he was convicted under a statute, the elements of which are for conduct that is perfectly legal, so looking at the categorical approach for minimum conduct, minimum culpable conduct under the California statute, that minimum conduct would be perfectly legal in forty-four out of fifty-one jurisdictions. So that many of the states that have an age of consent higher than sixteen, it would still be legal? Right. In other words, Your Honor, my client was convicted under California Penal Code 261.5c, which renders unlawful sexual intercourse between two persons, one of which is under age eighteen and the other which is at least three years older, and so under the categorical approach, the minimum conduct would be that the younger person was one day shy of age eighteen and the older person was three years and one day older. Under those facts, forty-four out of fifty-one jurisdictions would render that conduct legal, not a crime at all. And therefore anybody who violates this California law, no matter what the facts, when we get to the immigration context, would not be removable, is that right, under your argument? Your Honor, my argument is that California Penal Code 261.5c is for conduct that, in my view, is not sexual abuse of a minor under the federal statute. From a categorical point of view, because a person, he could be thirty, she could be thirteen and still be convicted under this statute. Correct, Your Honor, but I would hasten to add that if those were the facts, California has a different statute to handle that kind of conduct. That's just a matter of prosecutorial discretion and proof and any number of things as to why you charge under one section, not another. That's true, Your Honor, but I would assume that the prosecutors, if they could charge under something more onerous, such as thirteen versus age thirty, that they would have done that. Our position is that the Board's... Can I just, just to make sure I'm following this and just to add a thought to this, I realize that in all these things we're comparing state convictions to a federal law, but the ultimate question is what sexual abuse of a minor means. That's a federal question. I frankly find the state law things not that relevant. I mean, they're relevant to whether this was a conviction, but otherwise I don't think they're that relevant. I mean, maybe they might help you interpret sexual abuse of a minor under federal law, but I thought the way this case really worked was you've got that phrase and you've got some ambiguity about what it means. I mean, you've got this one statute that would suggest if you're sixteen and you consent, and your client was sixteen at the age at this time, right? No, the girl... No, my client was approximately age twenty-one at the time. No, I'm sorry, the woman was sixteen, right? I believe so, Your Honor. Right. So the victim was older than fifteen, so that doesn't meet one federal definition. There's another federal definition of sexual abuse of a minor which is broader and might cover this conviction. That leads to ambiguity about what it means. Right, Your Honor. Our position is that the Board of Immigration Appeals did not comply with the prescriptions of Taylor v. United States, which calls for that the agency provide a generic contemporary definition of the term sexual abuse of a minor, and we assert that the Board has failed to do that, has never issued a generic contemporary definition of sexual abuse of a minor. And I think that... Why doesn't the decision, the published decision, which says there must be a meaningful age difference and three years is a meaningful difference, why doesn't that, I mean, right or wrong, why doesn't that meet the standard of having established a definition? Well, Your Honor, first of all, the Board in both in this case and in the previous published decision called Rodriguez Rodriguez, the Board specifically said that they are not, that they are using a federal statute, I think it's 3509A8, 18 U.S.C. 3509A8, as a guide. They specifically stated that they're not using it as a definition. The Board is very careful to say that, and they say that in this case as well, that they, that it provides guidance to them. Well, that's where they get it from, but doesn't their, isn't their, why isn't their decision a definition that will rule the next case? I mean, if you have another guy with this same statute in the next case, the definition is there, is it not? I would disagree, Your Honor, because I think that the Board is taking these cases piecemeal when Taylor, for example, Taylor is requiring that you come up with a uniform definition of what is sexual abuse of a minor. I believe that we still don't know what that is based on the Board's decisions. The Board simply says, okay, in this case, you know, it was a statute... And is the result, therefore, that no one can ever be removed for sexual abuse of a minor from any state? No, I'm absolutely not saying that, Your Honor. And under what basis would they be so removed if you're faulting them for, quote, not having given a definition? Well, Your Honor, I don't believe it's my position to propose a definition of sexual abuse of a minor, but just for the sake of argument... Well, no, but I thought your argument was because they haven't done one, even if they could, they lose. I thought that was what you just said. I think that because the Board has not provided a definition of sexual abuse of a minor in this case, that they have not met their burden of showing... Well, if they haven't done it in this case, they haven't done it in any other case to date, presumably. So, therefore, nobody can be removed for sexual abuse of a minor until they provide a definition. I thought that's where you're going with the Taylor argument. Well, be that as it may, I feel like my argument is dealing with this case. I mean, the Fourth Circuit and the Ninth Circuit are both in agreement in saying that the Board has failed to provide a definition under Taylor, and for, therefore, the cases that have appeared before those courts, they said that the Board has failed and that, therefore, the statutes of conviction under those cases also were not sexual abuse of a minor. So, in the Fourth and Ninth Circuit, nobody can be removed for sexual abuse of a minor? I'm not saying that. I'm saying that those courts in those cases said that the particular statute at issue in those cases was not. For example, I believe, I know that the Ninth Circuit has held that an alternative federal statute. I know. The Ninth Circuit looks to the federal statute, which is one place where the word minor is used. I understand that, but... So, in the Ninth Circuit... It seems to me there's a difference between saying you ought to use this federal standard and saying you haven't chosen one, therefore, you must lose. Your Honor, we would be happy if the Board did choose, have a bright line definition of sexual abuse of a minor, and that's what we're asking for in this case. If there were a case on different facts, if there were, as your example, a thirty-year-old with a thirteen-year-old,  of sexual abuse of a minor, I would agree that that is... Well, but you would argue if that were the facts in this case, your argument would still be exactly the same because we have a categorical definition. The statute is bad under the categorical definition, end of case. I would agree with that, Your Honor, and as I said before, if the facts were different, the California prosecutors would have had the choices of choosing different statutes under which to convict. What's your preferred generic definition of sexual abuse of a minor? Your Honor, again, I don't feel it's my position, but I could provide one. I would, I could say something along the lines that if a person is guilty of sexual abuse of a minor, when that person knowingly engages in an act with another person under age sixteen who is at least four years younger than the perpetrator... That's from 18 U.S.C. 2243A, right? That is closely in line with that for the purpose of, I was going to just add, for the purpose of sexual gratification. Despite all the other federal statutes that define minor as 18. Well, Your Honor, I mean, it seems to me that the Federal Code has 18 U.S.C. 2243 for a reason. Referring to sexual abuse of a minor or ward, there must be some reason for having had that definition and putting in the term, you know, age sixteen there. I think that, yeah, I think that that is... Do you know what the relative time of enactment, of the first enactment of these two allegedly ambiguous provisions is? That is, when did the Immigration Act use those terms, and then when did the Federal Criminal Code use the term? I'm not sure, Your Honor. I know that when Congress, Congress added the term sexual abuse of a minor to the statute, I believe in 1996. The immigration statute? Yeah, to 8 U.S.C. 1101. Although there were previous, there were previous words that could have covered some of the same ground, was it not? Possibly, but I believe... What's your response to the government, well, I'm sorry, answering that question. Go ahead. What's your response to the government's position that, so far this conversation surely establishes some ambiguity about what sexual abuse of a minor is, and traditionally the BIA gets administrative deference when it comes to its efforts to interpret ambiguous statutes. And so, under Chevron, that's binding, and you lose. Your Honor, we argue, and as we state in our briefs, for various reasons that we believe that the Board is not entitled to Chevron deference. First of all, sexual abuse of a minor is a dual-use statute. All of the terms under the aggravated felony list at 8 U.S.C. 1101-843 are used by the Immigration Court and the Board, but also by Federal Article III courts and criminal proceedings. And so, the statute must mean the same thing in both civil and criminal contexts. I see that my time is up. It's used for enhancement, not for creating the crime, though, is that correct? It is used for illegal re-entry cases, yeah, and sentencing guidelines. I mean, the crime is illegal re-entry, and then the sentencing, which is, of course, subject to Booker, because they could knock it down. Okay, are there, you want to go further? Will, I mean, were you done making, were you done responding? If I could. We believe that the Board should not be entitled to deference in this realm of whatever decision the Board makes would bind Federal criminal courts interpreting 1101-843 for purposes of sentence enhancement, for purposes of illegal re-entry cases and such. And under Layakow v. Ashcroft, the terms must mean the same thing, whether they're... Why would this bind what Federal district judges in sentencing? Well, just to take an example, Your Honor, if, let's, I certainly don't propose this, but if my client were to be held to be, you know, if this, if his deportation based on this were upheld, and he were held to be an aggravated felon, and he were to unlawfully re-enter the country, and then be placed in Federal court, perhaps even in the Sixth Circuit for, or in the jurisdiction of the Sixth Circuit for unlawful re-entry, and a district judge says, well, you know, his conviction in California is not sexual abuse of a minor under the sentencing guidelines, then he could have, he could be deemed an aggravated felon because of sexual abuse of a minor under the very same statute that a district court judge could say, well, I don't think that it's sexual abuse of a minor under the sentencing guidelines. And that, that's just an, that's an improper result to have the same, exact same statute. Under Booker, the judge could say, yeah, they say it is, but I'm going to disregard it and knock the sentence down. Well, I guess our point is, Your Honor, that...  Our point is, Your Honor, that the board doesn't have special experience in interpreting criminal statutes, and that aggravated felony statute is used by Federal criminal courts. Anything else? All right, you'll have your time for rebuttal. Thank you. Good morning, Your Honors. May it please the Court, Edith Yacon on behalf of the Respondent, Attorney General. There's a fundamental difference of opinion between the parties in this case. The government's position is that when the agency chooses to address topics through adjudication, it may proceed incrementally. It need not resolve every variant in order to resolve one variant. And that's what the board did in this case. In this case, the board considered whether a conviction for statutory rape under California Penal Code, Section 261.5c, categorically qualifies as sexual abuse of a minor. Just to tell you where I'm coming from, the whole categorical approach and all that stuff isn't of much use until you've figured out what the statute means. And so if it's right that you have to have a generic definition, give it the generic definition. But you don't start talking categorical, the state law, until you've figured out what you're measuring it against. And so that's the key threshold issue. And we have this problem. I think both sides agree that it's ambiguous, sexual abuse of a minor. I think your brief concedes that, right? Absolutely, the government's position. Okay, so then your position is at that point, given the ambiguity, the agency gets Chevron deference, but doesn't have to follow the rule of lenity, even though we know in Lea Collin and other cases that we have one statute, one interpretation rule. And so it's very strange that the agency can ignore rule of lenity when federal district courts applying the statute, whether in sentencing or crime definition settings, has to apply the rule of lenity when it comes to ambiguity. The rule of lenity is to be applied as a matter of last resort. And what the board did in this case was look to various sources to define the terms. So the rule of lenity comes after Chevron, is your point? That's correct. Well, it's applied as a matter of last resort, meaning that the agency... Tell me this, so that's an understandable position for the government to take, that lenity comes after Chevron. If you're wrong about that, do you lose this case? In this case, because the agency's interpretation is a reasonable interpretation of an ambiguous statute, the court should uphold the agency's determination. No, no, but I'm assuming the opposite, that the rule of lenity comes before Chevron. It's a candidate of construction, and I thought the normal rule was that the candidates of construction applied at step one of Chevron. To figure out what the statute means and whether there's capacity for the agency to interpret ambiguity, you first deploy the agency's determination. And then you apply the normal canons. So I'm just saying, assuming your threshold argument's wrong, the rule of lenity applies at the beginning of the process, I guess I would assume you would concede this interpretation has to be reversed. If everyone agrees that the term sexual abuse of a minor is ambiguous, and the Congress provided no indication as to its intent regarding the definition of sexual abuse of a minor, Your Honor, are you suggesting that then... I'm just saying... Such that if we don't know what it means at all, then everyone gets a free pass? Is that what... No, no, we adopt the narrow interpretation, i.e. a pretty good one might be the generic interpretation found elsewhere in the Federal Code, 18 U.S.C. 2243A. According to the definition proposed by the petitioner pointing to 2243, which is what was adopted by the Ninth Circuit in Estrada Espinoza, all crimes against individuals under the age of 12 are not sexual abuse of a minor. And those involving victims over the age of 16 are not either, such that, for example, incest against a 17 or an 18-year-old wouldn't be sexual abuse of a minor. The Board rejected that, and I would presume that most of us would as well. I mean, I take it part of this argument is, if you say the rule of lenity trumps and that's where you start, there's no particular reason to stop anywhere. A defendant can always have a more lenient interpretation than the one that the Board does. That's correct. But the point about going below 12, that doesn't apply to this case. One doesn't have to accept that here. That is correct. However, the agency determined that in this case, the conviction is for sexual abuse of a minor because there was a meaningful age differential. Between the perpetrator and the victim. That's a reasonable interpretation of the statute. Does this interpretation apply in federal district court cases when they're trying to figure out what sexual abuse of a minor means in sentencing? To answer your question, and this responds to the point made by Amicus as well, relating to the interface between immigration decisions and criminal sentencing decisions. The one statute, one interpretation rule. That's correct, and that is the rule in this circuit. However... No, I mean, that's the rule in the Supreme Court. I mean, there are lots of cases saying one statute, one interpretation, right? That's not this circuit. Yes, although some other circuits have reached disparate conclusions in sentencing cases and immigration cases with respect to the definition of aggravated felony, whether or not that's correct. That has happened in the past. But in either case, we're in agreement. So what happens? You've got Chevron deference given to the BIA. They have their interpretation. Now you have the same statute being applied. We don't have to say the same person, but it could happen. As to sentencing, what does the district court do then? The challenge proposed by Amicus regarding this connection between immigration and criminal decisions is only an issue for this court if the court disagrees with the agency. Because if the court agrees with the agency, whether through Chevron deference or through de novo review, it need not reach the question of whether it has to defer to the board. Okay, great. Only if the court disagrees and reaches a disparate conclusion that it has to reach the question of whether deference to the agency is warranted under Chevron. Now let's answer the harder question. The court disagrees. Now what happens? There's no existing binding case law such that if the court disagrees with the agency, of course it's free to apply de novo review, reach a different conclusion. Other courts have done so. The Fifth Circuit in en banc decision addressed this exact question, not with respect to statutory rape in California, but with respect to the same aggravated felony, sexual abuse of a minor issue. And then in a subsequent immigration case, the Fifth Circuit concluded that was bound. So that allows one statute, two interpretations. Now let's say the second case gets to the U.S. Supreme Court. Does the U.S. Supreme Court bless that and say, hey, it's no big deal. One's an immigration setting. One's a sentencing setting. What do we care that the same four words or whatever the number is, five words have different meanings for different purposes? I'm sorry. I might not have been clear. In the Fifth Circuit, after the en banc court in the sentencing guidelines case defined sexual abuse of a minor, then in the immigration case, the panel found that it was bound by that previous en banc decision. But because the court agreed with the agency regarding the sexual abuse of a minor determination, it concluded it need not reach the Chevron deference issue. So I... You keep answering the easier question. I'm a former advocate. I understand the temptation. But what about the harder question? The harder question being, a federal district court looking at the phrase sexual abuse of a minor does not have... There's no administrative deference at all that applies to criminal law or criminal sentencing. That judge looks at those words and gives it a different interpretation from the agency. Now you have one statute with two interpretations. What does the U.S. Supreme Court do? Does the U.S. Supreme Court say, well, so be it. One's agency law. One's sentencing. We can tolerate the difference. If that's not the case, which one wins at the U.S. Supreme Court? Agency one or the... Assuming the Supreme Court just says we're going to stick with the one statute, one interpretation rule, which wins at the U.S. Supreme Court? Unquestionably, that is a question which has not been addressed yet. But I will concede that that is a good argument on the other side for de novo review. Unquestionably, it's not been addressed. I take it the U.S. government is taking the position if we address it by saying that the criminal setting controls, the government will not take the position at cert that we've created any conflict because you just said it's an unaddressed issue. I can't bind the government to that position, but I will say this. Section 103 of the Immigration and Nationality Act provides that the determinations of the Attorney General with regard to interpretations of that law are binding. Is this in fact the same statute? It's the same words, but the word minor is used throughout the code with a variety of meanings. Yes. It's not the same statute in the sense of the same exact provision creates a crime and then also controls the removal. Because it doesn't create the crime, it only affects the sentence at worst. Is that right or not? That's correct. And of course, general principles... If you follow Judge Sutton's argument as far as it went, would the board then be required or able in every case to look at the individual facts? Because in fact, as I understand it, this man might have been more than four years older than the child. When I looked at the facts that were involved because we just say she's generically 16 and for him to win, she's got to be a high 16 and he's got to have the lowest possible date of the crime. Under the federal provision, she would have to be under 16. And I believe she was 16 years of age. So he would not have been guilty under the federal provision. Or older. Okay. Only under the state provision. Sorry. So in response to what Judge Boggs, would you say the one statute, one interpretation rule just doesn't apply here because they're not incorporating each other? Is that the point you're making? I just want to make sure we're on the same page because it sounded like... I agree with the point that if you have a phrase that appears throughout the U.S. Code, I don't think there's anything that says that phrase has to have the same meaning at every place in the code. But what I thought the one statute, one interpretation rule meant is when you incorporate another statute and say, by the way, this has civil and criminal applications or if you take this statute, this criminal statute at the immigration setting, it has this consequence. That's when the one statute, one interpretation rule were applied. So I'm just trying to make sure I'm understanding. Isn't this a setting where the one statute, one interpretation rule normally applies? The Sixth Circuit has certainly said so. And this is a case that was cited by amicus and by petitioner, Palacios Suarez, indicating that they're not going to treat criminal and immigration cases differently. For purposes of defining the term aggravated felony. And so it certainly seems as though the Sixth Circuit has ruled definitively that there's going to be one interpretation. And I understand the difficult question. Do you think we got that one wrong? Do you think that was pushing the one statute, one interpretation rule too far? I hope that you won't have to reach that question in this case because the position of the government is that deference to the agency is appropriate and the agency reasonably interpreted an ambiguous statute. And even if this court applies de novo review, even if it looks at the plain meaning of the term sexual abuse of a minor, it essentially, hopefully would do what the board has done. It's looked to the dictionary definition. It's looked to the intent of Congress, indicating that Congress wanted to create a broad category of removable offenses involving crimes against children. And it said specifically in the case of statutory rape that even though not all consensual sex with older adolescents will involve sexual abuse of a minor, where there's a meaningful age differential, such as there is in this case, that will qualify as sexual abuse of a minor. And that's not only not vague, but it's also reasonable and consistent, as I indicated, with both... What was the timing of the creation of the federal crime of sexual abuse of a minor? That was created in 1996 through the Illegal Immigration Reform and Immigrant Responsibility Act. The general crime was? Oh, I'm sorry. That was added to the INA in 1996 as a removable offense. And now, of course, sexual abuse of a minor is not necessarily called that in every state. I thought that this one statute, one interpretation rule, was partly that it's a separate federal crime under some circumstances to commit sexual abuse of a minor. There is a federal offense called sexual abuse of a minor. I was just asking, when was that enacted? Because part of the oddity would be if the federal government, which doesn't have general criminal jurisdiction, so it must be only in certain areas, if by adding this crime, they all of a sudden undid what they did in the INA. So that's why I was asking about the timing. I'm not sure what the answer is. I'm sorry, I don't know the answer either, but I will say this much. The board and several of the courts of appeal, including the Seventh Circuit most recently in addressing the same statute of conviction, have indicated that the lack of a cross-reference in 101-A43-A to some federal provision indicated congressional intent to broadly allow the agency to apply that provision to individuals convicted of crimes against children. Several of the other parts of the aggravated felony definition include cross-references to explicit statutory provisions in federal laws, but 101-A43-A does not provide any cross-references. And of course, the Ninth Circuit has indicated that that's because no definition is necessary, but Seventh Circuit disagrees, saying, of course, that the board has correctly indicated that lack of a cross-reference means that Congress wanted to give the agency leeway to apply the sexual abuse of a minor ground of removability. Your Honors, in this case, as indicated, the decision not only warrants deference, but also complies with the dictates of Taylor. And this is where I started my argument. This approach is consistent with the categorical approach, and Taylor didn't reject the case-by-case methodology that's a basic mode of agency interpretation, or indeed address any of the methods through which federal agencies may permissibly develop the meaning of statutory terms. This Court doesn't need to adopt the definition of sexual abuse of a minor in Rodriguez-Rodriguez in order to uphold this published precedent determination in the instant case. However, in that case, the board did look to dictionary definition and various other sources to conclude that a broad definition of sexual abuse of a minor is appropriate. And if Your Honors have no further questions, I'd be happy to submit on the briefs. Okay. Thank you, counsel. You'll have your time for rebuttal. Thank you. I just wanted to address a few points. I believe that Judge Sutton indicated that we had conceded that the term sexual abuse of a minor is ambiguous. In fact, we have not so conceded. One of our arguments  that the definition at 18-year-olds of sexual abuse of a minor is not ambiguous. USC 2243 indicates that it's not ambiguous. I believe that's the Ninth Circuit's position. I believe the Fourth Circuit... You mean 2243A tells you the answer? Is that what you mean? Yeah, it tells you the answer to what is sexual abuse of a minor. Do you have an answer to my... I mean, I can look it up, but I haven't of when that was enacted. I apologize, Your Honor. I wish I knew. Presumably, it's limited. I didn't look at it. Presumably, it's limited in some way to some type of federal jurisdictional element. I assume that if you're up in the wilds of Idaho in private property, they can't charge you under 18 USC 2243. I wish I knew the answer. I just don't. I'm sorry. I would argue that when Congress added sexual abuse of a minor in 1996 to the statute, Congress was aware of Taylor versus the United States. And Taylor versus the United States indicates that we need a generic contemporary definition of sexual abuse as it is in the majority of U.S. jurisdictions. We argue that clearly the majority of U.S. jurisdictions would set the age of consent at 16. And for that reason, we would ask that this court also find that. Just as an aside, is there any difference between a majority of jurisdictions and majority of population? Because as I've looked at it, there are 19 states that have the general age of consent of less than 18, and they constitute a majority of the population. So does Idaho count just as much as California? Well, I think that Taylor addresses, it doesn't specifically address the issue, I don't think, but I think Taylor is talking about majority of states and majority of jurisdictions. And I would also argue in the approximately 11 states that set the age of consent at 18, at least four of them put other restrictions. For example, in Delaware, the perpetrator has to be aged 30 or older to be convicted. In Florida, the perpetrator has to be 24 or older. In Tennessee, the perpetrator has to be at least four years older than the victim. You get the idea. Yeah. So one last thing is that the government refers to the lack of a cross-reference and the term sexual abuse of a minor at 101A, 43A as providing the federal government broad discretion to set sexual abuse of a minor. I would not agree with that. I don't think the lack of a cross-reference is dispositive. I believe the government in its brief argued that that shows that it's ambiguous, but I would just simply argue that there are many other terms in the list of aggravated felonies that also don't have cross-references. I cited them in the brief and that doesn't necessarily mean that sexual abuse of a minor is ambiguous. Let me ask you this in terms of what this decision, we've sort of talked about are there a parade of horribles and does it keep you from removing anybody, but as I would understand it, if the girl was in fact 15, he still might have been convicted under this statute, you would still prevail on the categorical definition. Could the BIA then in the individual case says, okay, let's figure out if you're now right, the 2243 controls everything, then in each individual case can they try to get the court record or have a new trial or a trial because he could have pled guilty and therefore nobody knows what the facts are? Your Honor, we would not propose such a scheme. I think that would run counter to the categorical approach. Which then takes us back to categorically nobody under this statute can be removed who's convicted under this statute. Under this particular statute, I would agree with that. Your only defense, you might say, it's not a defense, you could be right, but your only defense to the parade of horribles is that, oh, maybe the prosecutors would have prosecuted under something else, which I must say I find hard. I just had a case where it appeared that it was clearly rape, rape, but they only charged him with statutory rape and then that's because the prosecutor was busy or didn't want to bring in the evidence. Well, Your Honor, I guess I would want to hold the prosecutor to do his or her job and if there is... Is the prosecutor's job always to hit people as hard as they possibly can? No, Your Honor, it's not, but what we need and what Taylor requires is that we have a clear definition of what is sexual abuse of a minor and I don't think it would be an answer to start digging back into the facts in every particular case. I think we need a bright line. That's fair. Just out of curiosity, I should know this, but has the U.S. Supreme Court said the categorical approach applies to the BIA? Does everyone accept that as true? I would say that it does. I mean, the Supreme Court, I think, has stated that in a number of cases. I can't say offhand. So they've said it in lots of sentencing cases. It doesn't come to mind to me an immigration case where they've said that, but you think it does? I think it does. Moncrief de Camp, I would say, yes. All right. All right. Thank you, counsel. That case will be submitted. Thank you. Clerk will...